## Peter C. Andre v. Daniel Hardin and others.

*Experts: Opinions: Skill: Cross-examination: Discretion.* Where a witness has been questioned to bring out his skill as an expert, considerable latitude ought to be allowed on cross-examination to bring out the facts as to his competency to give evidence in that character; yet no definite limit can be prescribed as a rule of law, but a large discretion must be left in the trial court.

ANDRE v. HARDIN.

*Mechanic: Expert: Compromise.* The fact that a mechanic has compromised his bill on complaint being made of his work, is not very conclusive evidence of his incompetency to testify as an expert.

*Evidence: Probabilities: Delay: Waiver.* Where, in an action to recover upon a building contract, the parties are in dispute upon the question of a waiver of delay in completing the building at the time specified in the contract, and of an acceptance of the work by defendant, a contract between defendant and a third person, whereby he had agreed to construct and sell to the latter one-half the building, and to complete and deliver the same at the time when by the contract in suit the work was to be completed, is admissible in evidence as bearing on the probabilities.

*Evidence: Exclusion: Offer: Purposes stated: Practice.* The exclusion of a question which was immaterial for any purpose stated by counsel at the time as their reason for asking it, is held not error, notwithstanding it is made to appear on review that the question might have been material for another and different purpose, *i. e.,* as a basis for an estimate of damages, or something constituting an element in such a basis.

*Assignments of error.* Rulings to which no assignment of error is directed will not be considered.

*Declaration: Indebitatus assumpsit: Quantum meruit.* The count in *indebitatus assumpsit* is as appropriate as the *quantum meruit* to recover the value of work done and materials furnished in erecting a building under contract, where the terms of the contract have not been strictly complied with, but the defaults have been waived.

*Superintendent: Authority: Consent to alterations: Waiver.* A superintendent is held to have authority to consent to alterations and waive strict performance of a building contract.

*Heard June 16. Decided October 5.*

Error to Saginaw Circuit.

This was an action brought by defendants in error upon the common counts for goods sold and delivered, and for work and labor done and materials furnished. On the trial it appeared that the plaintiffs had contracted in writing with the defendant to build for him a block of two brick stores according to plans and specifications prepared by one Hollister, and under his supervision, and to furnish all the material and do all the work, except that defendant was to prepare the ground ready for the foundation, and to furnish and put in all the cut stone. The contract was made June 13, 1872, and the building was to be completed on or before January 1, 1873, and the basements and first story were to be completed and delivered on or before November 15, 1872. The contract was not fully performed within the time specified, but evidence was given tending to show a waiver of this default, and an acceptance of the work as a substantial

compliance with the contract.     The defendant claimed that the work was not properly done, and he also sought to recoup damages which he suffered by reason of the failure to complete the building within the time specified.

The Beach contract referred to in the opinion was one between the defendant and Beach and others, made prior to that involved in this suit, whereby defendant agreed to construct and sell to them one-half of this brick block, and to complete and deliver the store by November 15, 1872.     This Beach contract was offered in evidence by defendant, but was excluded.     The jury rendered a verdict for the plaintiffs, and the defendant brought error.

*John Moore* and *Sweet & Foote,* for plaintiff in error.

*Gaylord & Hanchett,* for defendants in error.

COOLEY, J :

I am not satisfied that any error was committed in overruling the question put to William Smith on cross-examination.     The witness, it is true, appears to have been questioned by the plaintiffs to bring out his skill as an expert; and it was therefore proper that considerable latitude should have been allowed on cross-examination in order to place before the jury the facts from which they might determine his competency to give evidence in that character.     But in determining how far the cross-examination should go in its inquiry into particular transactions, the circuit court should, I think, be allowed large liberty.     There must be some limit to such an inquiry, and from the nature of the case no definite limit can be prescribed as a rule of law.     The court ought to permit the inquiry to proceed far enough to enable the jury to judge of the reasonableness of the witness' pretensions to skill, so far as such an inquiry can afford the means; but there is nothing very conclusive in the fact that a mechanic compromises his bill on complaint being made of his work, and I am not convinced that the judge, in

exercising his discretionary authority over the range of examination, has abused it.

I think the court erred in excluding the Beach contract. This contract had a most important bearing on all the evidence tending to show that defendant had consented to any delay, or had accepted what had been done by the plaintiffs as a performance of the contract on their part. I am not prepared to say that the construction of the contract in suit could be at all affected by the existence of the Beach contract; but the plaintiffs relied considerably upon a waiver of strict legal rights, and the probabilities of the waiver, and the question of damages dependent upon that, were questions upon which the existence of this contract could not fail to have an influence. It is begging the question to say the evidence became unimportant when the jury found specially that the contract had been fulfilled. The finding is confused, but the meaning of it is, that defendants waived a compliance with the contract according to its terms; and we cannot know that the finding would not have been otherwise had this evidence been admitted.

The question to defendant, "What did you pay for cut stone put into the building," would have been admissible had the grounds for it been stated to the court as they are stated by counsel in their brief. But it seems to me that the explanations of counsel on the trial had a tendency to lead the mind of the court to the conclusion that the question was immaterial to any purpose for which it was offered. If the question was important at all, it was so because it would furnish the witness, or some one else, a basis for an estimate of damages, or something constituting an element in such a basis. But counsel did not propose to ask the witness any question regarding damages, nor was the court informed that the information was desired to enable any one else to make an estimate. It is not surprising, in view of all that was said to the judge on the subject, that he was impressed with the immateriality of the inquiry.

No assignment of error appears to raise a question upon the exclusion of the evidence to show that stores could have

been leased if completed in season. That ruling, therefore, is not discussed.

There was no error in holding that plaintiffs might recover on the count in *indebitatus assumpsit*. It covers the case as properly and as fully as the *quantum meruit*. And I also think there was no error on the part of the court in assuming that Hollister, as superintendent, had authority to consent to alterations, and waive strict performance of the contract.—*Wildey v. School District, 25 Mich., 419.*

It is to be regretted that a necessity exists for sending the case back for a new trial on a single error, but as that related to a point of the utmost importance, we have no alternative.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.