KANGAS *v.* BOULTON.

1. LOGGING CONTRACT—CONSTRUCTION—SEVERABILITY.

A contract to cut and deliver all the merchantable timber on certain lands for a specified price per M., varying according to the kind of timber, "all timber to be cut clean," is an entire, and not a severable, contract.

2. SAME—PERFORMANCE—RIGHT OF LIEN.

Where the owner of timber who has contracted for its cutting and delivery sees fit to accept what has been done as a full performance of the contract, a subsequent purchaser of the logs cannot set up its nonperformance to defeat the claim of the contractor to a lien under the statute.

3. Logging Lien—Discharge—Sale of Subject-Matter.

The right to a statutory lien on forest products is not lost because the property has been sold, and the entire purchase price received by the lienor in part payment of his claim.

Error to Mackinac; Shepherd, J.   Submitted April 17, 1901.   Decided July 10, 1901.

Attachment proceedings by Robert Kangas against Robert Boulton under the log-lien law.   David C. Pelton and William Reid, copartners as Pelton & Reid, intervened as owners of the logs.   From a judgment for plaintiff on verdict directed by the court, the interveners bring error.   Affirmed.

*Frost & Sprague*, for appellants.

*Warner & Sullivan*, for appellee.

Hooker, J.   The plaintiff contracted in writing with defendant Boulton to cut all merchantable timber on certain lands, and to deliver the same at the "forks of the main river."   Upon such delivery he was to receive $6 per 1,000 for white pine logs, $4.50 for tamarack and hemlock logs, $2.75 for spruce wood per cord, 22 cents for cedar ties, etc., "all timber to be cut clean."   He claims that the contract was substantially completed, to the satisfaction of Boulton, though there is testimony tending to show that some little tamarack was not cut, a few ties left in the woods, some posts not peeled, etc.   A writ of attachment was issued against the property under the log-lien law, and it was duly levied, and an inventory made.   Defendants Pelton & Reid intervened, claiming to have bought the property from Boulton, except some pulp wood.   The declaration did not refer to the contract, but was in the nature of a count for labor, specifying the property, and claiming a lien.   No question arose over its sufficiency.   The pleas are not shown, if any were filed, though it was stipulated on the trial that Boulton was

represented by Frost & Sprague, and that his plea should be the general issue. The court refused to permit the introduction of proof that Pelton & Reid had paid the purchase price for the property. A verdict was directed for the plaintiff, and defendants Pelton & Reid have appealed. Whether or not Boulton did is not made clear. It is contended by their counsel:

1. That testimony of the admissions of Boulton that the contract was performed to his satisfaction was not admissible, and, at all events, was not binding upon Pelton & Reid; and that they may dispute plaintiff's lien upon the ground that the contract has not been performed. They also deny his right to recover for work and labor, because he offered no proof of the value of his services; the contract, as made, not having been performed.

2. That, the purchasers having paid the full contract price, the lien is discharged from the property purchased by them.

The log-lien law ( 3 Comp. Laws, § 10756 *et seq.* ) in terms gives a lien on forest products to those who perform labor upon them. It covers cases of laborers, who usually have no other claim than an implied contract, and contractors and subcontractors, who have special and definite contracts. It is claimed that while, as between the employer and employé, one who has accepted the benefits of labor rendered under a special contract, which is not fully performed, may be liable to an action for work and labor, the employé may not assert his lien for what is thus recoverable, being precluded by the failure to completely perform his written agreement. *Haughton* v. *Busch*, 101 Mich. 267 ( 59 N. W. 621 ), is cited in support of this claim. The question there before the court involved a common-law lien, and the question whether the same rule should be applied to cases of statutory lien was expressly reserved.

Before the property of the appellants can be subjected to the lien, the plaintiff must show himself entitled to a judgment against Boulton. Such judgment must be obtained upon one of two theories, viz.: ( 1 ) That he has

fully performed his special contract; or (2) that he has performed labor, the results of which Boulton has appropriated. A judgment cannot rest upon the latter theory in this case, for the reason that the contract is an entirety, not severable, and there is no proof of the value of the services actually rendered. It is true that the contract specifies a price per 1,000 feet for logs delivered, but that includes compensation for a full performance of the special contract. It therefore becomes unnecessary to determine whether the lien law should be applied in such a case, except it be for the purpose of another trial. The judgment must be reversed, unless we can say that the court was justified by the proof in instructing the jury that the special contract was performed. Defendants' counsel say that the record shows that the land was not cut clean, that some of the products were left in the woods, and that the drive was not all brought down to the forks of the main river; and the record does contain such testimony. It was competent, however, for Boulton to accept what was done as a full performance of the contract, and we think such is the only inference deducible from the record. He appears to have accepted the logs and appropriated them without complaint. The record does not show any very important departures from the contract, and although Boulton was a party, represented by appellants' attorneys, he set up no such claim either by pleading or evidence. It does not appear that he ever complained. He had an undoubted right to accept what was done as a performance, and the appellants have no right to question it. See *Wildey* v. *School District*, 25 Mich. 426; *Andre* v. *Hardin*, 32 Mich. 327; 7 Am. & Eng. Enc. Law (2d Ed.), p. 145, and notes 8, 9; *Bush* v. *Brooks*, 70 Mich. 459 (38 N. W. 562).

This view of the case renders a discussion of other questions unnecessary, except that pertaining to the discharge of the lien by payment of the purchase price. The court excluded testimony tending to show that the plaintiff had received the entire purchase price paid by Pelton & Reid,

upon the theory that it was immaterial.   In this we think he did not err.   They took this property charged with the lien in its entirety, and it was beyond the power of Boulton and themselves to devest the property of this charge by a sale and purchase for a less sum.   While it is true that the purchaser may not have become personally liable for more than the purchase price, it is equally true that the lien, like that of a mortgage, was not affected by the sale.

The judgment must be affirmed.

The other Justices concurred.